The First National Bank of Pittsburg, Pa., *Appellee*, v. J. W. Lawrence et al. (Ella L. Lawrence, *Appellant*).

No. 17,331.

SYLLABUS BY THE COURT.

Fraudulent Conveyance—*Statute of Frauds and Perjuries.* Under the facts of this case it is held that a deed of real estate is void under the statute of frauds and perjuries (Gen. Stat. 1909, § 3834) because it was intended to hinder and defraud an existing creditor of the grantor.

Appeal from Finney district court. Opinion filed December 9, 1911. Affirmed.

*R. W. Hoskinson,* and *Albert Hoskinson,* for the appellant.

*Edgar Foster,* and *H. A. Gaskill,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff attached and sold the real estate in controversy as the property of the defendant, J. W. Lawrence. Ella L. Lawrence, the mother of the defendant, moved to set aside the sale on the ground that she owns the land. The motion was denied, the sale was confirmed, and Ella L. Lawrence appeals.

The Lawrences reside in Allegheny county, Pennsylvania. The land, which consists of two quarter sections in Finney county, Kansas, was conveyed to the defendant in July, 1907. In August, 1907, the Howell Car and Foundry Company, a corporation, of which the defendant was an officer, borrowed $2000 from the plaintiff, giving its promissory note therefor, which was indorsed by the defendant and by E. W. Howell and M. I. Greenstone, also officers of the company. As an inducement to the bank to make the loan it was furnished with a list of personal references of the defendant and a property statement showing him to be the owner of 320 acres of land in Finney county, Kansas, valued at $16,000. On December 2, 1907, a renewal note for $1700 was given which furnished the basis for the attachment suit. The attachment was levied on April 3, 1908, and judgment on the note and for the sale of the attached property was rendered on September 24, 1908. On January 15, 1909, a deed from the defendant to Ella L. Lawrence was filed for record which was dated October 31, 1907, and acknowledged on November 2, 1907. The land was sold notwithstanding the deed, and the proceedings followed which have been stated.

The evidence offered at the hearing on the motion was in the form of depositions, which are presented to this court in the abstract. From them it appears that the deed was delivered on or about the date it was acknowledged. The grantee said that after delivery she "put it away with other papers" in a box she had at

her home for papers of that kind where "all the family papers" were kept. She could not give the date it was recorded and no satisfactory explanation was given for withholding it from record. She stated that she did not know why it was not recorded at once unless it was because one quarter section of the land had been used as security for money owed by her son in Kansas. She first said "money that we had borrowed," and then said money borrowed by her son. She said she thought the money had been paid and she did not want to record the deed until after it had been paid. The deed recited a valuable consideration but she admitted that no consideration passed from her to her son. She was asked the following question by her counsel:

"This property originally belonged to your husband and the title came to your son without him paying anything?"

She answered the latter part of the question only, as follows: "No money passed."

She then said that no money passed from her son to her husband and none from her to her son. If Mrs. Lawrence was in possession of any other information respecting the subject of her claim to the land she did not reveal it.

The testimony of the defendant is even less satisfactory because of the equivocal character of some of it. He claimed the only portion of the credit statement he was responsible for was that containing his personal references. When asked flatly if the reference to the Kansas land in the credit statement was not given with his consent, he evaded answering by saying that the matter of securing the loan was taken up by Mr. Greenstone with very little consideration for what he might have said about it. He then confessed that Mr. Greenstone might have gotten the information respecting his ownership of the land from him, and said he had already explained to Mr. Howell that he had that property. When asked if he was the owner of the land in

August, 1907, he answered: "It was in my name, yes sir." Afterward he said: "It was family property, the property was deeded to me by my father originally without any consideration." Then he said his father gave it to him. The deed he gave to his mother recites that the land it describes is the same land which was conveyed to him on July 24, 1907, by Winnie L. Humrichouser and husband. The only basis of his recollection of delivering the deed to his mother was that he would hardly carry it around with him, and that his mother "always takes care of these things; any private papers that we might have in our family are taken care of by our mother." The only reason he had for giving the deed at the time it was given was that his mother requested it, and he said he did not know why she requested it at that time. This is the substance of the evidence, except that Mrs. Lawrence proved the acknowledgment of the deed by the notary whose certificate of acknowledgment was already attached to the instrument. She stands upon the fact that she has a warranty deed to the land antedating the attachment and upon the rule of law that an attachment reaches only the actual and not the apparent interest of the attachment debtor.

It seems from the evidence that the defendant held the title to this land by deed of record as a gift from his father. He explained to Howell that he had the land, without doubt claimed ownership of it to obtain credit from the plaintiff, and actually used a portion of the land as his own to secure other borrowed money. His ownership is therefore fairly proved. The financial skies of this owner having become clouded, he made a deed of the land to his mother, for which no rational explanation was given. It was not pretended that it was a gift to her, love and affection did not enter into the transaction, and the monetary consideration recited in the deed was disproved. The expression "family property" has no legal signification, no specific

meaning as applied to this land was assigned, and it was·evidently employed to befog the subject of ownership. The grantee did not wish to appear as the record owner of the land while the defendant was using it as security for debts owed where the land lies, did not dispatch her deed for record as owners usually do, and only made use of the deed when the land was about to be taken for her son's debt. All this tends very strongly to refute ownership by the grantee and indicates that the real purpose of the deed was to embarrass and defeat the defendant's creditors. The plaintiff was an existing creditor when the deed was made, and without discussing the evidence further the court holds that the deed was void as to the plaintiff under the statute of frauds and perjuries, which reads as follows:

"Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or execution, made or obtained with intent to hinder, delay or defraud creditors of their just and lawful debts or damages, or to defraud or to deceive the person or persons who shall purchase such lands, tenements, hereditaments, rents, goods or chattels, shall be deemed utterly void and of no effect." (Gen. Stat. 1868, ch. 43, § 2, Gen. Stat. 1909, § 3834.)

The judgment of the district court is affirmed.